2008 WI 7
In the Matter of Medical Incapacity Proceedings Against John H. Wolf, III, Attorney at Law:
Office of Lawyer Regulation, Complainant,
v.
John H. Wolf, III, Respondent.
No. 2007AP2558-D.
Supreme Court of Wisconsin.
Opinion Filed: January 23, 2008.
The Court entered the following order on this date:
On November 7, 2007, the Office of Lawyer Regulation (OLR) filed an order to answer and a medical incapacity petition, pursuant to SCR 22.34, against Attorney John H. Wolf, III. On December 26, 2007, the parties filed a stipulation, pursuant to SCR 22.34(10), whereby they jointly recommend that conditions be imposed on Attorney Wolf's continued practice of law for a period of two years. The court deems it appropriate to consider the petition and stipulation without the appointment of a referee. It also finds it appropriate to accept the stipulation and impose conditions on Attorney Wolf's continued practice of law for a period of two years.
Attorney Wolf was admitted to practice law in Wisconsin in 1979 and practices in Waukesha. On April 10, 2007, he received a public reprimand in connection with acts of disorderly conduct and acts leading to a misdemeanor conviction of operation of a firearm (with controlled substance). The public reprimand was imposed by a referee, pursuant to SCR 22.09, conditioned upon Attorney Wolf's continued treatment for drug and alcohol abuse as recommended by his probation officer and upon quarterly reporting to the OLR for one year of his compliance with the treatment plan.
Attorney Wolf has admitted each of the factual allegations in the OLR's medical incapacity petition, including the fact that he has relapsed on multiple occasions in 2007. The parties have stipulated that Attorney Wolf suffers from a medical incapacity, having been diagnosed with various drug dependencies, a generalized anxiety disorder, and a major depressive disorder, that at times substantially prevent him from performing the duties of an attorney to acceptable professional standards. The stipulation states that Attorney Wolf is aware he has the right to seek the advice of counsel and that he consulted with his attorney prior to entering into the stipulation; that he entered the stipulation freely, voluntarily and knowingly; and the stipulation was not the result of a plea bargain. In a memorandum in support of the stipulation, the OLR director states that he closely considered the particular circumstances and manifestations of Attorney Wolf's medical issues and concluded that public protection required the filing of a formal medical incapacity action, but also concluded that were the court to impose the conditions stipulated by the parties there was no immediate need to request the suspension of Attorney Wolf's Wisconsin law license.
SCR 22.34(10) provides that this court may consider the petition and stipulation without the appointment of a referee and if the court approves the stipulation it shall issue an order consistent with the stipulation. The court deems it appropriate to consider the petition and stipulation without the appointment of a referee. The court approves the stipulation and also deems it appropriate to impose the stipulated conditions upon Attorney Wolf's continued practice of law for a period of two years.
IT IS ORDERED THAT, for a period of two years from the date of this order, John H. Wolf, III shall:
(a) Provide full medical release forms to OLR as requested;
(b) Maintain absolute sobriety, with monitoring to include random breathalyzer and/or urine checks;
(c) Submit quarterly psychiatric reports to OLR;
(d) Submit quarterly self-reports to OLR detailing his: (1) drug screens; (2) medical/mental health appointments; (3) treatment participation; (4) compliance with any medication regimen prescribed by his healthcare providers; (5) arrests; and (6) convictions.